IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>THE McCLATCHY COMPANY<br><br>and<br><br>KNIGHT-RIDDER, INCORPORATED<br><br>Defendants. | Civil No.: 1:06CV01175<br><br>Judge: Hon. Richard W. Roberts<br><br>Filing Date: June 27, 2006 |

**PLAINTIFF UNITED STATES'S MOTION AND MEMORANDUM
FOR ENTRY OF FINAL JUDGMENT**

Pursuant to Section 2(b) of the Antitrust Procedures and Penalties Act, 15 U.S.C. § 16(b)-(h) ("APPA"), plaintiff United States of America ("United States") moves for entry of the proposed Final Judgment ("Judgment") filed in this civil antitrust proceeding. The Judgment may be entered at this time without further hearing if the Court determines that its entry is in the public interest. The Competitive Impact Statement, filed in this matter on June 27, 2006, explains why entry of the proposed Judgment would be in the public interest. The United States is filing simultaneously with this Motion and Memorandum a Certificate of Compliance setting forth the steps taken by the parties to comply with all applicable provisions of the Antitrust Procedures and Penalties Act, 15 U.S.C. § 16(b)-(h) ("APPA") and certifying that the statutory waiting period has expired.

**I.    Background**

On June 27, 2006, the United States filed a civil antitrust Complaint alleging that the acquisition of Knight-Ridder, Incorporated ("Knight-Ridder") by The McClatchy Company ("McClatchy") would substantially lessen competition in violation of Section 7 of the Clayton Act, as amended, 15 U.S.C. § 18.  The Complaint alleges the merger would combine under common ownership and control the only two local daily newspapers with any significant circulation serving the Minneapolis/St. Paul metropolitan area, the *Star Tribune* and the *St. Paul Pioneer Press*.  As alleged in the Complaint, the combination of these two daily newspapers would substantially reduce or eliminate competition for the sale of local daily newspapers in the Minneapolis/St. Paul metropolitan area and would likely result in higher prices and lower levels of quality and service.  As also alleged in the Complaint, the combination of these two daily newspapers would substantially reduce or eliminate competition for the sale of advertising in local daily newspapers in the Minneapolis/St. Paul metropolitan area and advertisers would likely pay higher prices and receive lower levels of quality and service for their advertisements.  Accordingly, the Complaint seeks to prevent the anticompetitive effects of the acquisition by requesting, among other things:  (1) a judgment that the acquisition, if consummated, would violate Section 7 of the Clayton Act and (2) relief that enjoins the parties from consummating the merger.

At the same time the Complaint was filed, a proposed Judgment, which is designed to eliminate the anticompetitive effects of the acquisition, a Competitive Impact Statement, and a Hold Separate Stipulation and Order ("Hold Separate Order") were also filed.  Defendant McClatchy was allowed to consummate its acquisition of Knight-Ridder, but defendants were

2

required within 60 days after the filing of the Complaint, or five days after notice of the entry of the Judgment by the Court, whichever is later, to divest, as viable business operations, certain newspaper assets ("Divestiture Assets"). If defendants fail to complete the divestitures within the prescribed time, then, under the terms of the proposed Judgment, this Court will appoint a trustee to sell the Divestiture Assets. The Hold Separate and proposed Judgment require defendant McClatchy to preserve, maintain and continue to operate the Divestiture Assets in the ordinary course of business, including reasonable efforts to maintain and increase sales and revenues. The Competitive Impact Statement explains the basis for the Complaint and the reasons why entry of the proposed Judgment would be in the public interest.

Entry of the proposed Judgment would terminate this action, except that the Court would retain jurisdiction to construe, modify, or enforce the provisions of the proposed Judgment and to punish violations thereof.

## II.     Compliance with the APPA

The APPA requires a sixty-day period for the submission of public comments on the proposed Judgment, 15 U.S.C. § 16(b). In this case, the comment period terminated on October 2, 2006, and the United States received no public comments. The United States has filed a Certificate of Compliance simultaneously with this Motion and Memorandum stating all the requirements of the APPA have been satisfied. It is now appropriate for the Court to make the public interest determination required by 15 U.S.C. § 16(e) and to enter the Judgment.

## III.    Standard of Judicial Review

Before entering the proposed Judgment, the Court is to determine whether the Judgment "is in the public interest." 15 U.S.C. § 16(e). In making that determination, the Court may

consider:

> 1) the competitive impact of such judgment, including termination of alleged violations, provisions for enforcement and modification, duration of relief sought, anticipated effects of alternative remedies actually considered, whether its terms are ambiguous, and any other competitive considerations bearing upon the adequacy of such judgment that the court deems necessary to a determination of whether the consent judgment is in the public interest; and
>
> 2) the impact of entry of such judgment upon competition in the relevant market or markets, upon the public generally and individuals alleging specific injury from the violations set forth in the complaint including consideration of the public benefit, if any, to be derived from a determination of the issues at trial.

15 U.S.C. § 16(e).

In its Competitive Impact Statement previously filed with the Court on June 27, 2006, the United States explained the meaning and proper application of the public interest standard under the APPA and now incorporates those statements herein by reference. The public, including affected competitors and customers, has had the opportunity to comment on the proposed Judgment as required by law. There has been no showing that the proposed settlement constitutes an abuse of the United States' discretion or that it is not within the zone of settlements consistent with the public interest.

**IV.    Conclusion**

For the reasons set forth in this Motion and Memorandum and in the Competitive Impact Statement, the Court should find that the proposed Judgment is in the public interest and should enter it without further hearings.

The United States respectfully requests that the proposed Judgment be entered as soon as possible.

Dated: October 10, 2006

                      Respectfully submitted,

                        /s/   Gregg I. Malawer
                Gregg I. Malawer (D.C. Bar #481685)
                U.S. Department of Justice
                Antitrust Division
                325 7th Street, N.W. Suite 300
                Washington, DC 20530
                (202) 514-0230
                Attorney for Plaintiff the United States

## CERTIFICATE OF SERVICE

I, Gregg I. Malawer, hereby certify that on October 10, 2006, I caused copies of the foregoing Motion and Memorandum for Entry of Final Judgment to be served by overnight delivery service sending them via FedEx to duly authorized legal representatives of those parties, as follows:

**Counsel for The McClatchy Company**

Charles E. Biggio, Esquire
Wilson Sonsini Goodrich & Rosati
12 East 49th Street, 30th Floor
New York, NY 10017-8203

**Counsel for Knight-Ridder, Incorporated**

Ilene Gotts, Esquire
Wachtell, Lipton, Rosen, & Katz
51 W. 52nd Street,
New York, NY 10019
Phone: (212) 403-1247


                                                               /s/   Gregg I. Malawer
                                      Gregg I. Malawer (D.C. Bar #481685)
                                      U.S. Department of Justice
                                      Antitrust Division
                                      325 7th Street, N.W. Suite 300
                                      Washington, DC 20530
                                      (202) 514-0230
                                      Attorney for Plaintiff the United States